IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY McCOY,

    Plaintiff,

v.                                                                Civil Action No. **3:11cv550**

WARDEN KELLY, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Anthony McCoy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983[1] action. The action is proceeding on McCoy's Complaint (Docket No. 1), wherein he alleges that Defendants[2] violated his rights under the Eighth Amendment[3] during his confinement in the Sussex I State Prison ("Sussex I"). (Compl. 5–6.) The matter is before the Court on McCoy's failure to serve Defendants Boone and Kelly and Defendant Woodson's Motion to Dismiss.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] McCoy names as defendants: Warden Kelly; Ms. Boone, Assistant Food Service Director; and R. Woodson, the Regional Ombudsman.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

## I. FAILURE TO SERVE DEFENDANTS BOONE AND KELLY

Pursuant to Federal Rule of Civil Procedure 4(m),[4] McCoy had one hundred and twenty (120) days from the filing of the complaint to serve Defendants.[5] Here, that period commenced on April 12, 2012. By Memorandum Order entered on that date, the Court attempted to serve Defendants pursuant to an informal service agreement with the Attorney General's Office for the Commonwealth of Virginia. The Attorney General responded that it could not accept process for Defendant Boone or Defendant Kelly. By Memorandum Order entered September 17, 2012, the Court noted that more than 120 days had passed and nothing before the Court indicated that McCoy had completed service of process on Defendant Boone or Kelly. The Court ordered McCoy to show cause, within eleven (11) days of the date of entry thereof, why the Court should not dismiss McCoy's claims against Boone or Kelly and terminate them as defendants. McCoy has not responded.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1

---

[4] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[5] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

2

(E.D. Va. Feb. 7, 2007) (*quoting Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). McCoy makes no showing of good cause for his failure to serve Defendants Boone and Kelly. Accordingly, McCoy's claims against Defendant Boone and Defendant Kelly will be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).

## II. WOODSON'S MOTION TO DISMISS

### A. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) (second alteration in original). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual

3

allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Summary of Allegations

McCoy alleges that, during his incarceration in Sussex I, food service regularly serves him spicy food. McCoy contends:[6]

> I have written ample request forms, and informal complaints to food service to ask them to stop making my food spicy because spicy food puts me in pain, and I have a medical order for a no spicy food diet per the M.D. But I continue to get spicy food on my tray, sometimes firey [sic] spicy.

(Compl. 5.) McCoy claims "[he has] to go w/out eating the food that they make spicy. Sometimes its [sic] my main course [and] there's not much else on the tray. Or I eat it a [sic] have to deal with being in the pain it puts me in. I'm hungry too." (*Id.*) McCoy alleges he filed unsuccessful grievances, and "if I appeal to the Regional Director, then the Regional Ombudsman upholds the decision made by the Assistant Warden, or Warden, or he sends it back unresponded to." (*Id.*) McCoy alleges, "The Regional Ombudsman keeps blowing this off.

---

[6] The Court corrected the capitalization in the quotations to McCoy's complaint.

4

(Bottom Line)." (*Id.* at 4.) McCoy asks the Court to "[p]lease order me to a place where they wont [sic] harm me and dont [sic] want to watch me suffer."[7] (*Id.* at 6.)

### C. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions).

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege

---

[7] While McCoy fails to identify the constitutional rights Defendants' violated, based on the foregoing McCoy argues that Defendant R. Woodson displayed deliberate indifference to McCoy's serious medical need when Sussex I provided spicy food contrary to a doctor's order.

5

'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (*citing Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168 (*citing Farmer*, 511 U.S. at 837); *Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997)). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (*quoting Rich*, 129 F.3d at 340 n.2).

McCoy fails to allege that Defendant Woodson bears any responsibility for Sussex I's food service regularly serving McCoy spicy food in violation of a medical order. Because a supervising prison official cannot be liable under a theory of vicarious liability, *see Iqbal*, 556

U.S. at 676, McCoy must allege facts that suggest Woodson's personal responsibility in the deprivation of his Eighth Amendment rights.

Here, Defendant Woodson, the Regional Ombudsman, was not involved directly in the day-to-day operation of food service at Sussex I, and, thus, he lacks personal knowledge of the food served to McCoy or McCoy's particular medical needs. McCoy's brief mention of Defendant Woodson alleges that Woodson upheld the decisions of prison staff denying McCoy's grievances about the spicy food or ignored them. (Compl. 5.) While an inmate's letters to prison administrators may establish a basis for § 1983 liability, the plaintiff must allege facts that suggest "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (*citing Farmer*, 511 U.S. at 837). McCoy must allege that because of the purported complaints, Woodson "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Id.* at 994 (*citing Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). McCoy's Complaint lacks any detail about the content, frequency, or manner of transmission of his communications to Woodson. Thus, McCoy's vague allegations fall short of permitting the conclusion that his complaints placed Defendant Woodson on sufficient notice of an excessive risk to McCoy's health or safety. *See id.* As such, McCoy's vague factual allegations against Woodson fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (*quoting Iqbal*, 556 U.S. at 683). McCoy fails to allege sufficiently that Defendant Woodson actually perceived that McCoy faced a substantial risk of serious harm from eating spicy foods. Accordingly, McCoy insufficiently states an Eighth Amendment claim against Defendant Woodson.

### III. Conclusion

For the foregoing reasons, Defendant Woodson's Motion to Dismiss (Docket No. 13) will be GRANTED. McCoy's claim against Defendant Woodson will be DISMISSED WITH PREJUDICE. Any claims against Defendant Kelly and Defendant Boone will be DISMISSED WITHOUT PREJUDICE. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) (explaining that a dismissal for failure to serve a defendant within 120 days after an action is filed should be "without prejudice"). The action will be DISMISSED.

An appropriate Final Order shall issue.

/s/
James R. Spencer
United States District Judge

Date: 12-28-12
Richmond, Virginia